## APPEAL OF EASTMAN GARDINER NAVAL STORES CO.

Docket No. 10797.   Submitted February 25, 1926.   Decided June 25, 1926.

> Petitioner appealed from a notice of the Commissioner which was not a statutory deficiency notice and from which no appeal lay to the Board; thereafter, when more than 60 days had elapsed from the mailing of a statutory deficiency notice, taxpayer sought to amend its former petition so as *nunc pro tunc* to constitute that petition an appeal from the statutory deficiency notice. *Held,* that since the limitation had run against its appeal, its remedy was barred and that it could not, by process of amendment, constitute a void appeal to be a timely appeal.

*Charles P. Swindler, Esq.,* for the petitioner.
*T. M. Wilkins, Esq.,* for the Commissioner.

### Before KORNER.

This proceeding came on for hearing on the motion of the Commissioner to dismiss on the ground that the Board is without jurisdiction in the premises, for the reason that the petition was not filed within the statutory period of limitation, and on the motion of the petitioner to amend its petition. The taxes involved are income and profits taxes for the calendar year 1919 in an amount undisclosed by the record.

#### OPINION.

KORNER, *Chairman:* The undisputed facts in this record disclose that on August 26, 1925, the Commissioner forwarded to the petitioner a so-called " 30-day letter," advising it of a proposed deficiency in tax and granting it 30 days within which to file with the Commissioner its protest or exceptions. From such a letter there is no appeal to the Board. The statute provides for an appeal to this Board only from a notice of the final determination of the Commissioner relative to the deficiency.

Thereafter, on November 19, 1925, the Commissioner forwarded to the petitioner notice of his final determination of the deficiency

for 1919—a so-called "60-day letter"—from which lay the right of appeal to the Board.

On January 11, 1926, the petitioner filed with the Board a verified petition containing the following averments:

The above-named taxpayer hereby appeals from the determination of the Commissioner of Internal Revenue set forth in his deficiency letter IT:E: SM–EMB–B–26133, dated August 26, 1925, and as a basis of its appeal sets forth the following:

\*　　\*　　\*　　\*　　\*　　\*　　\*

2. The deficiency letter was mailed to taxpayer on August 26, 1925.

As has been above noted, there was no appeal open to the taxpayer, under the law, from the Commissioner's letter of August 26, 1925. This is conceded by the petitioner. An appeal from the letter of August 26, 1925, was in every sense a nullity. It was not an appeal within the contemplation of the Revenue Act of 1924.

As it happened, however—and this appears to be conceded by counsel for the Commissioner—the statutory notice of final determination of November 19, 1925, had been mailed to the petitioner on that date and, for the purposes of this record, may be conceded to have been in taxpayer's possession on January 9, 1926, when it forwarded to the Board its petition which was received and filed by the Board on January 11, 1926, and which has been referred to hereinabove. No mention or reference was made in the petition to the statutory notice of November 19, 1925. To this point, then, it can not be successfully contended that the appeal filed on January 11, 1926, was an appeal from the statutory deficiency notice mailed on November 19, 1925. The petitioner is specific in its petition concerning the letter from which it purported to appeal.

In due course the Commissioner, on February 5, 1926, filed a motion to dismiss the appeal of the petitioner, on the ground that the petition was filed 128 days after the mailing of the letter from which the appeal purports to have been taken. On February 16, 1926, the petitioner filed a motion praying:

(1) That said taxpayer be granted leave to file an amended petition.

(2) That said taxpayer be granted sixty days from the Board's decision on this motion, within which to file such amended petition.

It will be noted that at the time of filing of the petitioner's motion, just quoted, a period of 90 days had elapsed since the mailing of the statutory deficiency notice on November 19, 1925. Thus it is clear that unless the petition filed on January 11, 1926, from the 30-day letter of the Commissioner can be amended so as *nunc pro tunc* to constitute it in fact a petition on appeal from the statutory deficiency notice of November 19, 1925, the petitioner is without the right of appeal to this Board.

The taxpayer contends that the petition filed was in error in stating that it was an appeal from the Commissioner's letter of August 26, 1925, but that it should have stated that it was an appeal from the Commissioner's notice of November 19, 1925. It further contends, in effect, that since the Commissioner's notice of November 19, 1925, had been mailed to the taxpayer, any appeal the latter might make should be deemed to be an appeal from the statutory notice, whether the taxpayer so stated or not, and/or in spite of any averments therein contained to the contrary. With this we are unable to agree. Suppose the Commissioner should mail a letter to a taxpayer advising it of an additional excise tax growing out of the manufacture of oleomargarine, and that thereupon the taxpayer should file a petition with the Board appealing specifically from such a letter—giving its date, symbol numbers and other pertinent identification. Suppose that, at the time of the filing of such a petition, the taxpayer had in its possession a statutory deficiency notice advising it of the final determination of a deficiency in *income* tax. Could it be successfully argued that after 60 days had elapsed within which it had the right to appeal from the last-mentioned notice, the taxpayer could come to the Board and at that time, by an amendment to its petition on appeal from the excise tax, institute an appeal to the Board from the determination of an income tax? We do not think so. This analogy is not a strained one. A taxpayer has no more statutory right to appeal to this Board from a 30-day deficiency letter than he has to appeal from an excise or a stamp tax. Such an action on his part is a nullity. The Board is without jurisdiction even to consider it, other than to dismiss it. Such a nullity can not be metamorphosed into a statutory and orderly appeal by the legerdemain of amendment. A sick or dying thing may be revivified and restored to life, but a dead thing can not be. A defective appeal may be remedied and made good by amendment, but an appeal which does not exist can not be made into one by the process of amendment.

In this proceeding the taxpayer filed a petition within 60 days from the date of mailing of a statutory deficiency notice. It predicated that appeal upon a prior 30-day letter of the Commissioner from which no appeal lay. Upon a motion by the Commissioner to dismiss such a petition on the ground that it was not taken from a notice which evidenced a final determination of a deficiency under the statute, the Board would be forced to dismiss. If, within 60 days from the mailing of the statutory deficiency notice, the taxpayer had filed a petition on appeal therefrom, that would have been a valid petition. If, within that same period, the taxpayer had filed a motion to

substitute in the petition, then on file, the deficiency notice of November 19, 1925, for the letter of August 26, 1925, that (if done within the period of time within which a petition might be filed from the letter of November 19, 1925) might have been the basis for an order permitting the taxpayer to file a valid petition. The effect of such action might have been to substitute a timely and valid petition which in turn might, in effect, constitute the filing of a new and valid petition within the statutory period of limitation.

In the instant case, however, we have an attempt to validate, by amendment, a petition not filed with reference to, or as an appeal from, a determination of the Commissioner. We think this can not be allowed. To do so would mean that any petition, filed with the Board on any basis, or on any ground within the statutory period relating to statutory deficiency letters, might be validated and perfected as an appeal from a statutory deficiency notice, although taken without reference thereto and having no bearing or relation to the determination of the Commissioner therein contained; and irrespective of whether such statutory deficiency notice was mailed before or after such a petition was filed. *Appeal of Everett Knitting Works*, 1 B. T. A. 5.

The rule is stated in *Willard* v. *Wood*, 164 U. S. 502, wherein, speaking of the subject of limitation of actions, Mr. Chief Justice Fuller said (p. 523):

The general rule in respect of limitations must also be borne in mind, that if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his rights, or when from any cause a plaintiff becomes nonsuit or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred. *Alexander* v. *Pendleton*, 8 Cranch, 462, 470; *Young* v. *Mackall*, 4 Maryland, 367; Wood on Limitations, 293, and cases cited.

See also an extensive discussion of this subject by Mr. Justice White in *Union Pacific Ry. Co.* v. *Wyler*, 158 U. S. 285, 296–298.

There is a duty in the Board, imposed by statute, to hear and determine proceedings regularly and properly brought before it. There is not a duty, or even a right, in it to go outside the statute and hear and determine proceedings which are not so brought. In all those matters there is a duty in the taxpayer as well. His is the duty of pursuing his remedies, granted by the statute, in a regular, orderly and timely manner. In pursuance of its duties, the Board can not remedy fatal laches on the part of taxpayers and assume to attend to the taxpayer's duties as well as its own. *Vigilantibus sed non dormientibus jura subserviunt.*

We have ruled without opinion on situations almost identical with that here presented and entered orders of dismissal in the appeal of

*Lester C. Bissell*, Docket No. 7144, and *Appeal of Markar Shahpazian*, Docket No. 9710, and we conclude here, as we concluded there, that the proceeding should be dismissed on the ground that it was not taken from a statutory deficiency letter and can not be perfected by amendment.

> *Order of dismissal will be entered accordingly.*