## THE PERUNA CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5102, 12333.    Promulgated May 7, 1928.

*W. R. Pomerene, Esq.,* for the petitioner.
*Henry Ravenel, Esq.,* for the respondent.

1182

OPINION.

TRUSSELL: This proceeding involves two separate appeals, Docket Nos. 12333 and 5102, the first being from a deficiency determined by respondent of $4,139.63 in income and profits tax of petitioner and three affiliated corporations for the year 1919, and the second, a similar deficiency in the sum of $5,777.02 for the year 1920, the two proceedings having been consolidated for hearing as the questions involved in respect to each year are the same.

At the hearing respondent moved to dismiss the appeal under Docket No. 5102 for want of jurisdiction on the ground that it was not taken from a final determination of tax liability. This question will be considered first.

The record shows that respondent determined a deficiency in petitioner's income and profits tax for the year 1920 in the sum of $5,777.02 and on April 12, 1925, mailed petitioner the usual "30-day letter" advising it of the deficiency and of its right to file, within that period, a protest. Attached to and made a part of this letter was a detailed statement showing how the deficiency was arrived at. No protest to this was filed by petitioner. On June 12, 1925, the respondent mailed petitioner a regular "60-day letter," reading in part as follows:

Reference is made to Bureau letter dated April 25, 1925, which advised you of an additional tax liability for the year 1920 in the amount of $5,777.02 and gave you a period of thirty days in which to protest against the deficiency. No protest has been received.

In accordance with the provisions of Section 274 of the Revenue Act of 1924, you are allowed 60 days from the date of mailing of this letter within which to file an appeal to the United States Board of Tax Appeals contesting in whole or in part the correctness of this determination.

Thereafter, on June 24, 1925, petitioner filed an appeal with the Board asking a review of "a proposed additional assessment of income and profits tax for the calendar year 1920" and referred to "Bureau letter IT:CR:D–JJR." This letter was the 30-day letter mentioned above.

On July 16, 1925, respondent filed a motion to require the petition to be made specific. On this motion an order was entered granting petitioner until August 17, 1925, to answer and on that date petitioner filed an amended petition which failed to refer specifically to the 60-day letter received or have a copy of such letter attached, but set out the deficiency in detail, referred to the 30-day letter, and also asked the Board to review petitioner's tax liability for the years 1918 and 1919 as well as 1920 as follows:

Notice of an additional assessment for the year 1920 was received in Bureau letter IT: CR: D–JJR dated April 25, 1925 and as the questions involved in the cases of 1918 and 1919 are presented in that of 1920, and as the companies contentions were not allowed by the Bureau it was thought proper to appeal to the United States Board of Tax Appeals, to the end that the cases may be settled finally.

On September 9, 1925, the respondent filed an answer to this amended petition, joining issue on the merits as to the year 1920. This answer admitted that the proposed assessment for the year 1920 was in the sum of $5,777.02 and was as set out in a 30-day letter dated April 25, 1925, and averred that the regular "60-day letter" was mailed petitioner on June 12, 1925, but denied the jurisdiction of the Board to consider any question of the tax liability for 1918 and 1919. On February 9, 1926, the Board, on motion of respondent, dismissed the petition as to the year 1918 for want of jurisdiction, and as to the year 1919, as prematurely filed, and granted leave to the petitioner to file an amended petition within 30 days as to the years 1919 and 1920. Petitioner within 30 days filed a separate petition as to the year 1919 and an amended petition as to the year 1920.

The respondent insists that petitioner has a right to appeal to this Board only from a "60-day letter" and that as to Docket No. 5102 the Board is without jurisdiction, as the original petition, although filed within 60 days of the mailing of such a letter, failed to allege specifically that the appeal was from that letter, or have a copy of same appended and that this omission was not corrected within the 60 days allowed for appeal. It is contended that the omission in question resulted in the proceeding being a nullity and therefore one in which the petition was not subject to amendment.

An appeal filed under authority of section 274 of the Revenue Act of 1924 is commonly referred to as an "appeal from a deficiency letter." In reality it is an appeal from a final determination of deficiency, the letter being merely a notification of that action by the Commissioner and its mailing being a necessary fact to establish the right of the taxpayer to appeal within 60 days and the jurisdiction of this Board to entertain the appeal.

In the present case the final determination of petitioner's tax liability for the year 1920 had been made by the Commissioner and written notification of that action mailed 12 days prior to the filing of this appeal. It necessarily follows that at the date of filing this appeal petitioner had, under section 274 of the Revenue Act of 1924, the right to appeal to this Board for a review of its tax liability for the year 1920. The petition filed by it asked for such a review.

This original petition did not specifically appeal from the determination advised by the 30-day letter but from "a proposed additional assessment of income and profits tax for the year 1920" and referred

to that letter, which is the one giving the detailed information in respect to the deficiency finally determined and advised of in the 60-day letter which followed, and which had, in fact, been mailed at the time this appeal was filed. It will be noted that this is also done by the 60-day letter which embodies the 30-day letter by referring to it for the detailed information as to how the final deficiency is determined.

The original petition asked in general terms a review by this Board of petitioner's tax liability for the year 1920 because of "a proposed additional assessment." The amended petition, filed by permission of the Board and prior to the making of the motion here considered, asks the same relief.

The general rule is that a petition in a court of limited jurisdiction must allege jurisdictional facts. The original petition failed to comply with the requirements of that rule but it does not follow that it was a nullity.

It has been frequently held that a petition which fails to state jurisdictional facts may, if the general matter is one of which the court under a proper statement of facts could take cognizance, confer jurisdiction to entertain and determine those facts and permit by amendment a correction of the pleadings to satisfy jurisdictional requirements. The court in *Minnesota* v. *Northern Securities Co.*, 194 U. S. 48, said:

An allegation in a complaint filed in a circuit court of the United States may, indeed, in a sense confer jurisdiction to determine whether the case is of the class of which the court may properly take cognizance for purposes of a final decree on the merits. *Newburyport Water Co.* v. *Newburyport*, 193 U. S. 561, *Pacific Electric Ry.* v. *Los Angeles*, 194 U. S. 112.

Permission to amend pleadings to state necessary jurisdictional facts omitted, or to correct errors of statement which if not corrected would show affirmatively that the court was without jurisdiction, has been uniformly granted both by the Federal and State courts. One of the most common examples in the Federal courts are those cases in which the plaintiff fails to state diversity of citizenship, or in error alleges residences of the parties to be in the same State, in which case the court would be without jurisdiction. In such cases the courts uniformly hold that the error may be cured by amendment and the amendment relates back to the date of the filing of the suit. *Swayne* v. *Birch*, 226 Fed. 581; *Betzoldt* v. *American Ins. Co.*, 47 Fed. 705. And the rule has even been extended to allow such amendment after appeal and reversal by the appellate court for want of such averments. *McEldowney* v. *Card*, 193 Fed. 475.

As a general rule where an amendment to a petition, declaration or complaint sets up no new matter or claim, but merely amplifies and restates with more certainty or in a different form, the cause of action set out in the original pleading,

it relates back to the commencement of the suit, and the statute of limitations is arrested at that point.

Where a suit is brought in apt time and a declaration filed imperfectly stating the cause of action, subsequent amendments, though filed after limitations against a new action have run, will not be barred, if they amount to not more than a restatement in a different form of the cause of action originally declared. Wood on Limitations, page 1527, citing *Bankers Surety Co.* v. *Town of Holly*, 219 Fed. 96; *Illinois Surety Co.* v. *U. S.*, 215 Fed. 334; *Swift & Co.* v. *Gaylord* (Ill.), 82 N. E. 299.

The right of petitioner to amend to restate his case with more accuracy or certainty or to correct a mistake or supply a deficiency so long as he does not thereby declare a new and different cause of action is uniformly admitted to exist even where the time of the limitation has run. *Gatta* v. *Phila. B. & W. Ry. Co.* (Del.), 76 Atl. 56; *Zier* v. *Chesapeake Beach Ry. Co.* (Md.), 56 Atl. 385; *Merrill* v. *Wright* (Nebr.), 74 N. W. 955; *Love* v. *So. Ry. Co.*, 108 Tenn. 104; 65 S. W. 475; *Price* v. *Greer* (Ark.), 116 S. W. 1009; *Robinson* v. *Chi., R. I. & P. Ry.* (Kans.), 133 Pac. 537; *Cunningham* v. *Patterson* (Kans.), 132 Pac. 198; *Houston & T. C. Ry. Co.* v. *Fife* (Tex.), 147 S. W. 1181; *Byrd* v. *Hickman* (Ala.), 52 So. 426.

Our attention is called to *Eastman Gardiner Naval Stores Co.*, 4 B. T. A. 242, in which we held on facts very similar to those here presented that we were without jurisdiction to permit an amendment and could only dismiss the petition. The authorities cited for that opinion are *Willard* v. *Wood*, 164 U. S. 502, and *Union Pacific Ry. Co.* v. *Weyler*, 158 U. S. 285. An examination of these cases shows that they are merely authority for the general rule that no new and distinct cause of action barred by the statute of limitations can be asserted in a present case by amendment thereto. In each of these cases the plaintiff had two distinct rights of action. In the first cited case the court held that a distinct right of action at law was not saved from the statute because the complainant attempted to first obtain relief in equity. In the last mentioned case the plaintiff had a right of action under the Kansas statute which was limited to two years and a right under the common law in Missouri limited to five years. In a suit in Missouri brought more than two years after the right of action accrued he attempted to amend his declaration to plead and obtain the benefit of the Kansas statute, and this was denied by the court.

These two cases are not in point. The rule laid down therein does not apply to the case under consideration. In this connection attention is called to the opinion of the court in *Missouri, K. & T. Ry.* v. *Wulf*, 226 U. S. 570, in which the decision in *Union Pacific Ry. Co.* v. *Weyler, supra,* is discussed and held not to apply to a case in which plaintiff comes for relief with only one cause of action and whose failure is to state that correctly or sufficiently to show jurisdiction. See also *Gatta* v. *Phila. B. & W. Ry. Co., supra,* which discusses and differentiates this case.

In the present case, as in *Eastman Gardiner Naval Stores Co.,* *supra,* petitioner had one right of action in the sense that term is used in the cases cited. This was its right to petition this Board for a review of its income-tax liability for certain years as finally determined by the Commissioner. When the petition was filed the final determination had been made and the petitioner was seeking a review thereof. It was not a condition which gave him two distinct rights of action under which he elected to pursue one and then save the benefit given by the other, as in the *Weyler* case. In his petition he in error referred to the final determination as having been by the 30-day instead of the 60-day letter and then asked permission to amend to correct the mistake.

Can it be said that such a case is different from those in which the plaintiff asks damages for something occurring on a certain date and then amends to change the date stated. No new facts or conditions are presented by the amended petition that did not exist at the time the petition was originally filed. No different cause of action is presented under the amended petition but merely a correct restatement of the old. *Roley* v. *Evansville Gas & Electric Co.,* 90 N. E. 783.

In determining whether an amendment states a new or different cause of action from that set forth in the original pleading the nature of the action in general must be considered. Wood on Limitations, note 32, p. 1530. What is the nature of the action in general under the original petition? Can it be questioned that it is the review by this Board of the final determination of tax deficiency for a certain period and that this, and no more, is asked by the amended petition?

One of the best discussions of the question, and upon a state of facts very similar to those before us, is found in the opinion of the Circuit Court of Appeals in the case of *Illinois Surety Co.* v. *United States,* 215 Fed. 334. This was a case brought under the Act of Congress of August 13, 1894, as amended February 24, 1905, which gives to subcontractors on Government building work a right of action upon the bond of the prime contractor, by suit brought more than six months and within one year of the date of final settlement by the Government with the latter. In this case plaintiff failed to allege the necessary jurisdictional facts of final settlement and date thereof and the question raised was his right to cure this by amendment after the period of the statutory limitation had run. In this case the court said:

We are unable to see any substantial reason why the discretionary power of the court to allow amendments could not be exercised because the time within which the suit could be begun had then elapsed. The suit was in fact commenced, as we hold, more than six months and less than a year after the final settlement referred to in the statute. At that time a complete cause of action under the act existed in favor of the plaintiffs. By some mistake or inadvertence they failed, as we will

assume, to set forth in their complaint all the facts necessary to establish their cause of action, although the omitted facts actually existed. Why should they be deprived of the benefits conferred by this statute, when their action was seasonably brought and the facts entitled them to recover, merely because through some mischance certain of those facts were omitted from their complaint? Why should not the court permit the omissions to be supplied, and upon what sustainable theory can it be said that the court was powerless to grant relief after the time limited for commencing the action had expired? The amended complaint sets up no new cause of action, and alleges no facts which were not in existence when the suit was begun; it merely supplies omissions and corrects defects in the original complaint. If the suit had been prematurely brought, or brought too late, the court would have been without jurisdiction, because under those circumstances the plaintiffs would not be within the conditions of the statute, and therefore could not avail themselves of its provisions; and no amendment would be of value in that case because there would be nothing to amend, as the Supreme Court says in the recent case above cited. But this suit was commenced within the period allowed by the act, and the right of recovery depends upon the state of facts which existed at that time. It is elementary that an amendment dates back to the beginning of the suit and is designed to cure defects in the statement of the cause of action then existing, and there is abundant precedent for permitting amendments of that character and for that purpose, to the end that errors or mistakes of pleading may not result in a miscarriage of justice.

In the case before us the respondent raised no question as to the jurisdiction of the Board to entertain an appeal as to the year 1920 and joined issue on the merits by an answer which alleged and made of record the jurisdictional facts which petitioner failed to allege, and now for the first time moves to dismiss for want of jurisdiction in the Board to entertain the appeal on a record which shows all necessary jurisdictional facts to have actually existed at the time the original petition was filed.

We think the original petition filed under Docket No. 5102 was one on which we could take jurisdiction and that it was within our province to permit petitioner to amend its petition to state jurisdictional facts existing at the date the petition was filed and to comply with the rules of pleading prescribed by us. The decision in *Eastman Gardiner Naval Stores, supra,* is hereby overruled.

The record of this action establishes the fact that in 1908 The Peruna Co. acquired the properties—the going business, including secret formulae and good will, for its total issue of stock in the amount of $1,500,000; that the good will, formulae, etc., were entered upon the books of the corporation in its opening entries as valued at the amount of $1,036,917.60. The testimony produced at the trial is amply convincing that these intangible assets at the time acquired in 1908 had a large cash value. Some time after these assets were acquired the books showed an addition to the good will and formulae account of $100,200. Thereafter, in 1912 and 1914, the petitioner company reduced its stock authorized and issued from $1,500,000 to

$100,000 and in adjusting its books on these reductions, wrote down its good will and formulae account to the amount of $37,117.60, at which amount this account stood on petitioner's books during the years 1919 and 1920. We have no doubt that the good will acquired by petitioner in 1908 had a cash value far in excess of $37,117.60 and that on January 1, 1919, the petitioner's good will and formulae account, which had been acquired in 1908, was still existing and had a cash value of the amount for which it was then carried on petitioner's books.

The petitioner claims that this amount represented good will acquired for cash, and it appears that in the origin of this item $36,917.60 represented cash advanced to Dr. Hartman by one of the business organizations which was absorbed or taken over by the petitioner, but that when taken over by the petitioner the petitioner issued stock for everything it received. The $200 still standing as an addition to that account may have represented cash disbursements, but the record does not show that fact. We are, therefore, of the opinion that petitioner's good will account valued at $37,117.60 can be included in invested capital only to the extent of $25,000 as subject to the statutory limitation of 25 per cent of the total stock issue outstanding at the beginning of the taxable year.

The petitioner's contention that the advances made by Dr. Hartman and his estate to the Ohio & Southern Traction Co., the unpaid interest upon the bonds of that company, and the unpaid interest upon the mortgage note of the Ohio & Southern Interurban Terminal & Depot Co., represent additional capital investments, under all the circumstances set out in the findings of fact, presents a strong appeal. Similar questions, however, have been before the Board in a number of cases and before the Federal courts, where decisions unfavorable to the contentions of the petitioner have been made. See *Houston Belt & Terminal Railway Co.*, 6 B. T. A. 1364; *Jacob Lederer, Inc.*, 6 B. T. A. 615; *Harrolds Motor Car Co.*, 5 B. T. A. 429; *Kelly-Buckley Co.*, 1 B. T. A. 1154; *Cartier-Holland Lumber Co.* v. *Doyle*, 277 Fed. 150. We are, therefore, of the opinion that petitioner may not, under the circumstances of this case, be entitled to have such amounts included in invested capital, either of the individual corporations or the consolidated invested capital of the affiliated group.

The deficiencies should be recomputed in accordance with the foregoing findings of fact and opinion.

Reviewed by the Board.

> *Decision will be entered upon 15 days' notice, pursuant to Rule 50.*

STERNHAGEN concurs in the result.