*715 OPINION.
Milliken:
We will first dispose of the question of jurisdiction raised by respondent. The record discloses the following situation: On February 25, 1926, the day before the Revenue Act of 1926 was approved, the following letter was mailed from respondent’s office to petitioner:
Miss Maeion Shainwald,

661 Madison Averme, Nero York, New York.

Madam :
In accordance with the provisions of Section 274(d) of the Revenue Act of 1924, there has been assessed against you an income and profits tax amounting to $1,296.81, for the taxable years 1920 and 1921, the details of which are set forth in the attached statements.
Under the provisions of Section 279(a) of the Act you have the right to file with the Collector of Internal Revenue, within ten days after notice and demand for payment, a claim for abatement of this tax or any part thereof. The claim should have attached to it all evidence and data upon which you rely in support thereof, and should be accompanied by a bond not exceeding double the amount of the claim, with such sureties as the Collector deems necessary. When the claim is received by the Collector it will be transmitted to the Commissioner of Internal Revenue, Washington, D. C., who will notify you of the action taken.
Respectfully,
C. R. Nash,

Assistant to the Commissioner.

By (Signed) A. Lewis,

Bead, of Division.

On April 21, 1926, respondent mailed to petitioner the following letter:
Miss Marion Shainwald,

661 Madison Avenue, New York, N. Y.

Madam :
In accordance with the provisions of Section 279(a) of the Revenue Act of 1926, there has been assessed against you an income and profits tax amounting to $1,298.81 for the taxable years 1920 and 1921, the details of which are set forth in the attached statement.
In accordance with the provisions of Section 274(a) of the same Act, you are allowed sixty days (not counting Sunday as the sixtieth day) from tho date of the mailing of this letter within which to file a petition with the United States Board of Tax Appeals, contesting in whole or in part the correctness of this determination.
Respectfully,
D. H. Blair, Commissioner.
Ob April 24, 1926, petitioner filed her petition with the Board. The petition contains the following allegations:
(2) The notice of deficiency (copy of which is attached) dated February 25, 1926, was mailed to the petitioner and was received subsequent to February 25, 1926, and states a deficiency of $1,296.81.
*716 (3) The taxes in controversy are income taxes for the calendar years 1920 and. 1921 and are less than $10,000, to wit:
For 1920- $259. 39
For 1921_ 1,037.42
Total- - 1,296.81
On October 28, 1926, respondent filed his answer, which went only to the merits. The proceeding was, by an order dated February 20, 1928, placed on the day calendar for hearing on April 19, 1928. On the latter date the case was called for hearing, whereupon respondent moved that the proceeding be dismissed on the ground that the appeal was prosecuted from the letter of February 25, 1926, which was not a final determination. Thereupon the following order was entered:
This proceeding having come on for hearing before Division #11, on April 19, 1928, and counsel for the respondent having moved to dismiss for lack of jurisdiction, and counsel for the petitioner having requested leave to file an amended petition, without objection by counsel for the respondent, it is hereby
Ordered that the proceeding be and the same is hereby Continued to the Day Calendar of May 21, 1928, for further hearing; and that the counsel for the petitioner be and is hereby granted leave to file an amended petition.
In pursuance to said order, petitioner, on May 10, 1928, filed her amended petition which contains the following:
(2) The notice of deficiency dated April 21, 1926 (copy of which is attached and marked Exhibit “A”) was received by the petitioner April 23, 1926
(3) The taxes in controversy are income taxes for the calendar years 1920-1921' and are to wit:
For 1920_ $259.39
For 1921- 1,037.42
Total_ 1, 296. 81
It will be observed that the original petition was filed three days after the letter of April 21, 1926, was mailed. It was therefore filed within the time prescribed by section 274(a) of the Revenue Act of 1926. The deficiency therein appealed from is precisely the same in amount as that set forth in the letter of April 21, 1926, and also in the amended petition. The only error in the original petition is that it referred to letter of February 25, 1926. This error was cured by the allegations of the amended petition. The situation presented is squarely within the rule laid down in The Peruna Co., 11 B. T. A. 1180, and for the reasons there given the motion to dismiss must be overruled.
We now proceed to the discussion of the merits. In their returns for the year 1920, the executors of the estate of Ralph L. Shainwald reported that they had paid petitioner $7,500 in the shape of divi- *717 dencls received by them from corporations, and petitioner included these dividends in her return for the same year. The executors also took deduction for a loss arising from the sale of securities owned by the estate. Respondent has determined that to the amount returned by petitioner there should be added 27 per cent of all other dividends received by the estate and also 27 per cent of all other income of the estate less deductions other than capital losses. He has in fact disregarded the estate as a taxable entity in so far as income is concerned, and treated it as such an entity with respect to capital losses. Section 219 of the Revenue Act of 1918 in effect provides that the income of an estate in the process of settlement is taxable to the fiduciary, subject to the provision that such fiduciary may deduct the amount of any income “ properly paid or credited to any legatee, heir or other beneficiary.” It is not all income that is credited or paid to a legatee that may be deducted. Cf. Estate of W. S. Tyler, 9 B. T. A. 255, and Elizabeth Guthrie Heywood, et al., Executors, 11 B. T. A. 29. Such income to be deductible must be “ properly ” paid or credited. In the instant proceeding we have no bequest of income to the petitioner but only the devise and bequest of 27 per cent of what remained of the estate after the payment of all charges, including all death taxes, debts and legacies. There is no provision in the will of Ralph L. Shainwald which creates, in so far as the residuary beneficiaries are concerned, the right to any income which would separate such income from the income of the estate and make it táxable to the residuary beneficiaries, whether received by them or not and irrespective of the fact that such income might exceed the taxable income of the estate. Cf. Baltzell v. Mitchell, 3 Fed. (2d) 428.
Petitioner has reported for the year 1920 all the income she received from the estate and the deficiency for that year arises solely from the inclusion by respondent in her gross income of amounts of income of the estate which were not bequeathed to her as income and which were not during the taxable year paid to her or credited to her under any order of court. In so doing respondent erred. See Charles J. Coulter, Jr., 6 B. T. A. 426.
We next take up the deficiency for the year 1921. Petitioner is required by section 219 (d) of the Revenue Act of 1921, to include in her return for the year 1921 that part of the income of her father’s estate “which pursuant to the instrument or order governing the distribution is distributable ” to her. A distribution was made to her by the executors and we must presume, the contrary not appearing from the terms of the will or from the evidence of record, that the executors acted in the matter of distribution pursuant to the general powers conferred upon them and that the decree of the Surrogate’s Court of April 4, 1922, whereby the distribution of the executor *718 of $76,622.54 was approved, was simply another step in affirming the acts of the executor. Such ratification was tantamount to previous authority. Under these circumstances, respondent’s action in including in petitioner’s gross income the amount of income paid or credited by the estate to her and which she concluded in her return was proper.
Petitioner contends that she has the right to deduct from her gross income 27 per cent of the capital loss of the estate. It is clear that section 219 imposed a tax upon an estate in the process of administration as a distinct taxable entity, separate and apart from its beneficiaries, and it is further clear that the estate had the right to take such capital loss as a deduction. So far as the deductibility of capital losses is concerned, we can see no distinction with respect to income taxation between an estate in the process of administration and a trust. Both are treated as taxable entities by section 219. Further, the capital loss of the estate did not arise out of any trade or business carried on by petitioner nor in any transaction entered into by her for profit. (Section 214(a)(1) and (4). This contention must be decided adversely to the petitioner on the authority of Walter S. Gurnee et al., Executors, 13 B. T. A. 262; Arthur H. Fleming, 6 B. T. A. 900; O. Ben Haley, 6 B. T. A. 782; Baltzell v. Mitchell, supra; and Whitcomb v. Blair, 25 Fed. (2d) 528. See also in this connection, F. W. Matthiessen, Jr., 2 B. T. A. 921, and Matthiessen v. United States, 65 Ct. Cls. 484; 278 U. S. 609.
Lastly, we are of the opinion, for the reasons aoove given, that the respondent erred in including in petitioner’s gross income for the year 1921 the amount of $1,839.63, which was income of the estate and which was not credited or paid to petitioner during that year.

Judgment will be entered for petitioner, with respect to the year 1920. Judgment will be entered under Rule 50, with respect to the year 1921.