William H. Krome v. Commissioner.
William H. Krome v. Commissioner
Docket No. 14775.
United States Tax Court
1948 Tax Ct. Memo LEXIS 140; 7 T.C.M. (CCH) 413; T.C.M. (RIA) 48118; July 8, 1948
*140 LEECH
Memorandum and Order LEECH, Judge: This proceeding came on to be heard June 16, 1948, at Washington, D.C., upon motion by respondent to strike the amended petition and to dismiss the proceeding in so far as the deficiency for 1944 is concerned. It appears that respondent on March 13, 1947, mailed petitioner a notice of deficiency reading as follows: "You are advised that the determination of your income tax liability for the taxable (years) ended December 31, 1943, 1944, and 1945, discloses a deficiency of $4,821.92 as shown in the statement attached." The statement attached listed the deficiencies as $1,732.06, $1,651.33, and $1,438.53 for the respective years. To this notice of deficiency petitioner filed a timely petition stating "The above-named petitioner hereby petitions for a redetermination of the deficiencies set forth by the Commissioner of Internal Revenue in the Notice of Deficiency issued from the Jacksonville Division and dated March 13th, 1947, and as the basis of this proceeding alleges as follows: * * *." The allegation numbered "3" of the petition designates the taxes in controversy as for the calendar years 1943 and 1945 and makes no mention *141 of the deficiency for 1944. On April 20, 1948, petitioner moved to file an amended petition, which motion was granted and the amended petition was filed May 17, 1948. The amendment made by the amended petition was to change the allegations of fact in the petition to refer to the year 1944 as well as 1943 and 1945. The permission granted to amend the petition was more than 90 days after the mailing of the notice of deficiency, March 13, 1947. It is respondent's theory that under the notice of deficiency here involved there arose in petitioner three distinct and separate causes of action, and that only two of these were put in controversy within the 90 days permitted by the statute, and that the amendment in question asserted a new and separate cause of action in the pending proceeding, against which the statute had run. We do not agree. This notice of deficiency gave rise to one right of action, namely, the right of petitioner to contest the correctness of the determination of tax liabilities made by respondent for the years 1943, 1944, and 1945. Under the circumstances we do not think that the amendment of the allegations of error in the petition to include one as to the deficiency *142 for 1944 is the assertion of a new and distinct cause of action. The respondent relies upon two cases, Estate of Frank M. Archer, 47 B.T.A. 228, and L. Frank Sons Co., 22 B.T.A. 40. In the first cited case the determinations of the deficiencies in question were wholly separate and distinct and petitioner was advised of them in separate notices of deficiency. As to one of these deficiencies the taxpayer filed a petition, but not as to the other and, after the expiration of the statutory period, attempted by amendment in a pending case to litigate the correctness of the other separate and distinct deficiency. It was there held that this was a distinct and separate cause of action from the one then pending. That case has no application here. The second cited case was upon facts quite similar to those here involved. The deficiencies for the two years were both included in one deficiency notice. The petitioner there filed a petition with respect to the later year, in which no mention was made of the deficiency for the preceding year. After the expiration of 90 days from the date of the deficiency notice, the petitioner amended his petition to include the deficiency *143 not mentioned in the original petition. This amendment was accepted and upon the hearing of the proceeding the petitioner abandoned the issue with respect to the deficiency covered by the amended petition. In that case the Court, after calling attention to the fact that this issue had been abandoned by the petitioner, appears to have overlooked the fact that such issue was no longer in the case, and ruled upon it by stating that it was a new cause of action and could not be included by amendment after the statutory period had expired. Not only were the ruling and the language in this case pure dictum, but the authority cited for the conclusion reached was Peruna Co., 11 B.T.A. 1180, which does not support such conclusion. Under these circumstances, this case carries little weight with us. The premises considered, it is hereby ORDERED: That the motion by the respondent to strike the amended petition be and the same is hereby denied.