### Richard M. GOODING and Marcella M. Gooding, Petitioners,

v.

### COMMISSIONER OF INTERNAL REVENUE, Respondent.

#### No. 8588.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 26, 1962.

Decided Nov. 5, 1962.

Joe S. Gullo, Arlington, Va., for petitioners.

Philip B. Heymann, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz and Edward L. Rogers, Attorneys, Department of Justice, on brief), for respondent.

Before SOPER, HAYNSWORTH, and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

Taxpayers petition for review of a decision of the Tax Court determining a deficiency of $221.00 in taxpayers' income tax for the year 1958. In the hearing below taxpayers asserted two claims: first, that a bad debt deduction of $1,000.00 was improperly denied them, and that, in fact, there was an overpayment of tax in the amount of $351.00; and second, that an overpayment of approximately $10,000.00 on their 1951 tax should have been allowed them by the Court below as a credit on their 1958 tax. Taxpayers abandoned their first claim, both in the Court below and here, and now press only the second.

■ The Commissioner defends upon two grounds: first, that the Tax Court was without jurisdiction in this action to consider a claim for overpayment of taxpayers' 1951 tax; and second, that taxpayers are now estopped to relitigate that issue since it was in fact decided by the Tax Court upon its merits in a prior action based on the 1951 tax liability. Richard M. Gooding, 27 T.C. 627; affirmed by the Circuit Court of Appeals of the District of Columbia, Gooding v. Commissioner of Internal Revenue, 102 U.S.App. D.C. 102, 250 F.2d 765 (1957).

It is clear that the Tax Court was without jurisdiction to consider in this proceeding a claim of overpayment of the 1951 tax. The deficiency notice of which the taxpayers complained in this action related only to 1958 taxes; the factual basis upon which they claimed an overpayment in the proceeding involving their 1951 tax has not the remotest bearing on the 1958 tax. Section 6512(b) of the Code (26 U.S.C. 1958 ed., Sec. 6512(b)) is controlling. Commissioner of Internal Revenue v. Gooch Milling & Elevator Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943); Glowinski v. Commissioner of Internal Revenue, 100 U.S.App.D.C. 212, 243 F.2d 635 (1957).

Even if the Tax Court had jurisdiction to consider the matter, the taxpayers are collaterally estopped to relitigate the identical issue between the identical parties which was correctly settled on its merits in the decision regarding the 1951 tax. Nor have the controlling facts or the applicable law changed. Commissioner of Internal Revenue v. Sunnen, 333 U. S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); Stern and Stern Textiles, Inc. v. Commissioner of Internal Revenue, 263 F.2d 538 (2 Cir.1959).

■ After the filing of taxpayers' 1951 return and before the amount of the 1951 tax was litigated in the Tax Court, taxpayers received an informal letter from a Regional Commissioner of Revenue concerning the application of an overpayment of their 1954 tax. This letter referred to a "credit" of $10,000.-00 allocated to Gooding by the Internal Revenue Agent who had examined the 1951 return. It is obvious that the factual premise upon which the "credit" was based was completely upset by the subsequent decision of the Tax Court. Furthermore, if the letter had any significance, it was available for introduction into evidence at the 1951 hearing. Certainly such a letter could not now be treated as a certificate of overassessment, hence taxpayers' reliance upon Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018 (1931), is misplaced.

The opinion of the Tax Court in the 1951 case reported at 27 T.C. 627 sets forth in great detail the facts and the taxpayers' contentions with respect thereto. It would benefit no one to repeat them here.

The decision of the Tax Court is, therefore, affirmed.

Affirmed.