GUILLERMO SALAZAR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Salazar v. Commissioner
Docket No. 1439-79.
United States Tax Court
T.C. Memo 1980-395; 1980 Tax Ct. Memo LEXIS 190; 40 T.C.M. (CCH) 1265; T.C.M. (RIA) 80395; September 17, 1980, Filed Arthur L. Alexander, for the petitioner. Richard A. Mandel, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: The issue before us involves the dismissal of the petition herein as to the taxable years 1969 and 1970. The parties are in agreement that the petition shoud be dismissed with respect to those years but *191 disagree as to the grounds for such dismissal, i.e., because a proper and timely petition was not filed in respect of those years or because the notice of deficiency for those years was not sent to the petitioner's "last known address" within the meaning of section 6212(b)(1). [1]
Petitioner resided in Miami, Florida, at the time he filed his petition herein. He filed his 1969 and 1970 Federal income tax returns with the Andover Service Center, Andover, Massachusetts, on March 31, 1971, and December 10, 1971, respectively, and filed his 1971 and 1972 returns with the Atlanta Service Center in Chamblee, Georgia, on August 15, 1974, and August 16, 1974, respectively. The 1969 and 1970 returns stated petitioner's address as 8 East 77th Street, New York, New York, while the 1971 and 1972 returns stated his address as 166 Harvard Drive, Apt. #5, Key Biscayne, Florida. The petition herein was mailed to the Court by certified mail, return receipt requested, on January 31, 1979, and filed by the Court on February 2, 1979. Paragraph 2 of the petition referred *192 to a notice of deficiency, dated November 2, 1978, for the taxable years ended December 31, 1971, and December 31, 1972, and to a letter, dated November 2, 1978, denying petitioner's claim for an abatement for the taxable years ended December 31, 1969, and December 31, 1970. Copies of the notice of deficiency and the letter were attached to the petition. Paragraph 3 stated that deficiencies in specified amounts determined by respondent for 1969, 1970, 1971, and 1972 were in dispute. In addition to the aforesaid notice of deficiency, dated November 2, 1978, the District Director for the Brooklyn, New York, District, had, on March 18, 1975, mailed a notice of deficiency, by certified mail, to petitioner at 8 East 77th Street, New York, New York 10021, asserting deficiencies for the taxable years ended December 31, 1969, and December 31, 1970. [2] That notice of deficiency was returned to the District Director in the envelope in which it was mailed. The envelope was marked "Moved, left no address" and bears a stamp indicating that it was received by the Review Staff, Audit Division, Brooklyn, New York, on March 20, 1975. Petitioner did not file a timely petition in response to said *193 notice of deficiency. On August 18, 1975, the deficiencies asserted by respondent for 1969 and 1970, together with accrued interest, were first assessed and billed to petitioner at 8 East 77th Street, New York, New York 10021, by the Brookhaven Service Center, Holtsville, New York. Bills were also sent to petitioner for the deficiencies plus accrued interest by the Atlanta Service Center, Chamblee, Georgia, on October 31, 1975, and November 21, 1975; these bills were addressed to petitioner at 166 Harvard Dr., Apt. 5, Key Biscayne, FL 33149. Thereafter, petitioner filed claims for abatement for 1969 and 1970. These claims were transferred to and handled by the Brooklyn District during the period commencing in early 1976 and ending November 2, 1978, when the claims for abatement were disallowed. After the petition herein was filed, respondent filed a motion to dismiss for lack of jurisdiction as to the taxable years 1969 and 1970 on the ground that a timely petititon was not filed in respect of those *194 years. Petitioner responded to respondent's motion by means of an affidavit in opposition which stated that neither he nor his authorized representative [3] had ever received the notice of deficiency dated March 18, 1975, and that, on that date, he did not reside at 8 East 77th Street, New York, New York, but was residing at 166 Harvard Drive, Key Biscayne, Florida, with the result that the notice of deficiency for 1969 and 1970 had not been mailed to his "last known address" as required by section 6212(b)(1). [4]
A hearing on respondent's motion was held in New York, New York, on January 22, 1980. At that hearing, an extensive stipulation *195 of facts was received in evidence and testimony was taken in respect of the issue of petitioner's "last known address." At the conclusion of the hearing, the Court severed the legal issue as to whether the Court should decide the case on the issue of timely filing of the petition (which both parties agree was untimely as to the taxable years 1969 and 1970) from the issue of whether the March 18, 1975, notice of deficiency was sent to the petitioner's "last known address" within the meaning of section 6212(b)(1). Briefs on the severed legal issue were filed. Subsequently, the Court concluded that it should deal with the "last known address" issue, and supplemental briefs on that issue were filed pursuant to the Court's direction. The issues whether a petition was timely filed and whether the notice of deficiency was sent to a taxpayer's "last known address" are jurisdictional, although the consequences of dismissal on one ground or the other are different; generally, where a case can be dismissed on both grounds, the Court will base its dismissal on the "last known address" issue. Weinroth v. Commissioner, 74 T.C. 430 (1980); Keeton v. Commissioner, 74 T.C. 377 (1980); *196 Reddock v. Commissioner, 72 T.C. 21, 28 n. 8 (1979); Shelton v. Commissioner, 63 T.C. 193, 197 (1974); O'Brien v. Commissioner,62 T.C. 543, 548 (1974). See also Johnson v. Commissioner, 611 F.2d 1015, 1021 (5th Cir. 1980), revg. on other grounds a Memorandum Opinion of this Court; DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Boccuto v. Commissioner, 277 F.2d 549, 553 (3d Cir. 1960), affg. an unpublished order of this Court; RosewoodHotel, Inc. v. Commissioner, 275 F.2d 786 (9th Cir. 1960), remanding unpublished orders of this Court. [5] Respondent seeks to avoid the application of this general rule herein on several grounds. Respondent contends that the issue of the validity of the March 18, 1975, notice of deficiency was not properly raised in the petition or by way of an amendment thereto. We see no need to dwell upon this contention. Granted that the petition is not a model of pleading as to the taxable years 1969 and 1970, we think that paragraphs 2 and 3 put *197 the deficiencies for 1969 and 1970 in issue and that this is sufficient to encompass the question of the validity of the notice of deficiency for those years. [6] Respondent emphasizes that, because petitioner was not aware of the March 18, 1975, notice of deficiency prior to the filing of the petition herein, the petition did no more than contest respondent's disallowance of the claims for abatement for 1969 and 1970. Admittedly, a disallowance of a claim for abatement is insufficient to confer jurisdiction on this Court -- there must be a notice of deficiency. Swaim v. Commissioner, 417 F.2d 358, 361 (6th Cir. 1969), affg. 50 T.C. 336 (1968). Cf. Gooding v. Commissioner, 310 F.2d 501, 502 (4th Cir. 1962), affg. a Memorandum Opinion of this Court; Lerer v. Commissioner, 52 T.C. 358 (1969). But the fact of the matter is that, in the instant case, there was a notice of deficiency for 1969 and 1970 and, in our opinion, those taxable years were included in the petition. Under these circumstances, the requirement of section 6213(a) that a petition be filed with respect to a notice of deficiency was satisfied. Cf. The Peruna Co. v. Commissioner, 11 B.T.A. 1180 (1928). *198 We also consider respondent's contention that petitioner did not file a motion to dismiss based on the "last known address" issue to be without merit. In previously decided cases, that issue has been raised in response to a motion to dismiss by respondent based on the failure to file a timely petition without the necessity of any formal motion by petitioner. E.g., McCormick v. Commissioner, 55 T.C. 138 (1970); Estate of McKaig v. Commissioner, 51 T.C. 331 (1968); Heaberlin v. Commissioner, 34 T.C. 58 (1960). We think that petitioner's affidavit in opposition to respondent's motion was clearly sufficient to raise the "last known address" issue. Respondent seeks to distinguish our prior decisions in Shelton v. Commissioner, supra, *199 and O'Brien v. Commissioner, supra, by arguing that, in those cases, the taxpayer moved relatively promptly to file the petition, albeit untimely. He also emphasizes the fact that a further notice of deficiency herein in respect of the taxable years 1969 and 1970 would presumably be barred by the three-year statute of limitations, section 6501(a), whereas the statutory period for assessment was still open in both O'Brien (failure to file return) and Shelton (fraud). See also Keeton v. Commissioner, supra.Respondent argues that petitioner herein did not file his petition with a sufficient degree of promptness, but rather pursued an attempt to obtain relief by way of claims for abatement and extended negotiations with respondent, involving the expenditure of considerable time and effort by respondent in the process of dealing with these claims administratively. Based upon the foregoing, respondent asks us to hold that petitioner accepted the procedural propriety of the March 18, 1975, notice of deficiency and subsequent assessments. In effect, respondent argues that, under equitable principles of estoppel and laches, petitioner *200 should be barred from raising the "last known address" issue; otherwise, respondent contends that a taxpayer will have an "eternal remedy" by which to delay matters until the statute of limitations has run. We find it unnecessary to deal with these arguments by respondent. The March 18, 1975, notice of deficiency was returned to respondent on March 20, 1975 (see p. 3, supra), and it appears that the earliest time petitioner had notice of respondent's action was some time after August 18, 1975, when the assessments were made and the first bills sent (see p. 3, supra). By this time, the statute of limitations had already run, because the consent extending the period of limitations on assessment for the taxable years 1969 and 1970 had expired on June 30, 1975. Thus, on the record before us, there is no basis for respondent's claim that he was lulled into inaction by petitioner's pursuit of the claim-in-abatement procedure, with the result that, whatever may be the impact of the delay in the filing of the petition by the action of the taxpayer in pursuing other remedies through respondent's administrative procedures, [7] it has no bearing on the instant situation. [8] Nor *201 did the filing of the petition herein constitute any waiver by petitioner of the right to raise the "last known address" issue. See Reddock v. Commissioner, 72 T.C. at 27. Finally, we are unimpressed by respondent's reliance on what he claims to have been a large expenditure of his resources in dealing with the claims for abatement. The relevancy of this argument is highly questionable and, in any event, it seems likely that the same resources would have been expended in negotiations even if a petition had been promptly filed in 1975. In sum, we are convinced that we should consider the "last known address" issue and it is to that issue, and the underlying additional facts, which we now turn our attention. The basic principles applicable to the *202 "last known address" issue are clear. A taxpayer's "last known address" is that address to which, in light of all the facts and circumstances, the respondent would reasonably believe the taxpayer wished notice to be sent. Delman v. Commissioner, 384 F.2d 929, 932 (3d Cir. 1967), affg. a Memorandum Opinion of this Court; Lifter v. Commissioner, 59 T.C. 818, 821 (1973). Although respondent must exercise reasonable diligence to ascertain a taxpayer's correct address, he is entitled to use the address appearing on the taxpayer's return unless he receives a clear and concise notification from the taxpayer to use a different address or otherwise has actual knowledge that the address shown on the return has been replaced with a subsequent address. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374-375 (1974), affd. in an unpublished opinion 538 F.2d 334 (9th Cir. 1976), and cases collected thereat. Petitioner argues that, prior to the mailing of the notice of deficiency, he gave adequate notification of a change in his address to respondent's Brookhaven Service Center and that notice to such service center was sufficient *203 to apprise respondent that petitioner wished communications with respect to the years 1969 and 1970 to be sent to his new address. The burden is on petitioner to show that he furnished respondent with notice of his change of address. Budlong v. Commissioner, 58 T.C. 850, 852 (1972); Rule 142(a), Tax Court Rules of Practice and Procedure. Administrative realities necessarily require that the taxpayer bear the burden of keeping respondent informed of the taxpayer's last and proper address. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. at 374; see Marvin v. Commissioner, 40 T.C. 982, 984 (1963). Petitioner contends that respondent was given notice of the change of address by a notation on Form 4903, "Request for Information about Tax Form -- Third Notice," which was mailed to petitioner at 8 East 77th Street, New York, New York by respondent's Brookhaven Service Center, Holtsville, New York, on July 5, 1974, for the purpose of determining whether petitioner had filed a 1972 tax return. A copy of such form submitted into evidence shows that petitioner's accountant, Moses Morgenstern, wrote on it "taxpayer moved to 166 Harbor *204 Drive, Apt. 5, Key Biscayne, Fla. 33149" (emphasis added), although the correct address was apparently Harvard Drive as stated on petitioner's 1971 and 1972 returns. [9] Morgenstern testified that he returned this form to the Brookhaven Service Center on September 30, 1974; however, the form was not found by either party in a search of respondent's administrative files for the years 1969 through 1972. We reject petitioner's contention. It is clear that petitioner and Morgenstern were aware that respondent's Brooklyn District was conducting an audit of petitioner's 1969 and 1970 returns. As late as May 20, 1974, petitioner wrote to the Brooklyn District stating that his address was 8 East 77th Street, New York, New York. Indeed, petitioner does not allege that *205 any notice of his change of address was given to that District office. Petitioner contends, however, that, because of a transfer of functions from the Andover Service Center, where petitioner's 1969 and 1970 returns were filed, to the Brookhaven Service Center, notice to Brookhaven was adequate. There is no evidence in the record as to whether, when the latter center opened, it received the records of, or responsibility for, prior years for which returns had been filed with Andover. While petitioner argues that we should take judicial notice that a transfer of functions from Andover to Brookhaven occurred, he has not cited to us, nor have we found, any publication sufficient to enable us to conclude that, with respect to 1969 and 1970 returns filed in Andover, notice of a change of address sent to Brookhaven might have been adequate. [10] In any event, we are not convinced that notification was given to respondent in the manner alleged by petitioner. We do not find Morgenstern's testimony alone sufficient to conclude that the Form 4903 was actually returned to respondent, see DeWelles v. United States, 378 F.2d at 39, and we do not find in the record before us *206 other evidence which corroborates his testimony. Petitioner relies on mailings by respondent's Miami branch office and Atlanta Service Center to prove that he sent notification of change of address to respondent and it was received prior to March 18, 1975, [11] contending that the recurrence of Morgenstern's error (writing "Harbor Drive" instead of "Harvard Drive") in correspondence from respondent's Atlanta Service Center and Miami office, on December 20, 1974, and February 12, 1975, respectively, demonstrates that notification of petitioner's change of address was received by the Brookhaven Service Center and was transmitted from there to Miami and Atlanta. *207 We do not find the recurrence of the error persuasive evidence of receipt of the Form 4903 by the Brookhaven Service Center prior to March 18, 1975, because one of the documents on which petitioner relies suggests that either Morgenstern or petitioner repeated the error in communicating with the Atlanta Service Center. The December 20, 1974, correspondence from that service center to petitioner at "166 Harbor Drive" is a reply to an inquiry by petitioner. We think it justifiable to assume that the reply was sent to the return address supplied when the inquiry was made. We see no reason to conclude that the Miami office obtained the "Harbor Drive" address from Brookhaven rather than from the Atlanta Service Center. The foregoing analysis relating to the Brookhaven and Andover Service Centers is not intended to imply that a service center will necessarily be an appropriate entity to which a taxpayer can give notice of a change of address, especially where he is aware of an audit for the taxable year involved being conducted by a district office. See Budlong v. Commissioner, 58 T.C. 850, 852-853 (1972). In sum, we hold that petitioner has failed to carry his *208 burden of proof that his "last known address" was other than 8 East 77th Street, New York, New York. Such being the case, the March 18, 1975, notice of deficiency in respect of the taxable years 1969 and 1970 was valid and the petition herein was not timely filed in respect of those years. Respondent had no duty, after the notice of deficiency which he had sent to petitioner's last known address was returned marked "Moved, left no address," to engage in an independent investigation as to where petitioner had relocated. Where respondent with reasonable diligence ascertains the taxpayer's last known address and mails the notice to such address, he had done all that the law requires him to do. Looper v.Commissioner, 73 T.C. 690, 696 (1980). [12]
An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the times pertinent herein.↩
2. At that time, a valid consent extending the period of limitations upon assessment of income tax for those taxable years until June 30, 1975, was in full force and effect.↩
3. On March 18, 1975, a power of attorney from petitioner to one Moses Morgenstern covering the taxable years 1969 and 1970 was on file with Office Audit, Brooklyn District, Flushing, New York. The space for requesting that copies of notices and other written communications to petitioner be sent to another person was not filled in. ↩
4. Both parties concede that the notice of deficiency dated November 2, 1978, was addressed to petitioner's last known address and that the petition was timely filed in respect of the taxable years 1971 and 1972.↩
5. See also Davis v. Commissioner, T.C. Memo. 1980-176↩.
6. In any event, in light of the particular circumstances herein, where an extensive stipulation of facts has been filed and where testimony on the issue has been heard, the Court would have been inclined to permit an amendment to the petition to remedy any technical defect in pleading if such an amendment had been requested. See The Peruna Co. v. Commissioner, 11 B.T.A. 1180, 1187-1189↩ (1928).
7. We note that respondent always has it within his power to issue a timely second notice of deficiency if the first notice was invalid. See Boren v. Riddell, 241 F.2d 670↩ (9th Cir. 1957). 8. It is clear, on the facts herein, that petitioner did not receive the March 18, 1975, notice of deficiency prior to June 30, 1975. Compare Robinson v. Commissioner, 57 T.C. 735↩ (1972).
9. The record does not contain information as to the date of petitioner's move to Florida more precise than Morgenstern's testimony that it occurred some time in 1974 before July of that year. The evidence shows that petitioner received mail addressed to either "Harbor Drive" or "Harvard Drive," so we would not conclude that Morgenstern's error was enough to make the alleged notice of change of address inadequate.↩
10. The situation herein is unlike Weinroth v. Commissioner, 74 T.C. 430↩ (1980), where notice of the change of address was given to an agent in the district where the return was being audited, although not to the agent involved in the audit of the year for which the notice of deficiency was issued.
11. In his affidavit in opposition to respondent's motion to dismiss, petitioner also relied on a letter from the Atlanta Service Center dated Novlember 21, 1975, and addressed to Harvard Drive, requesting payment of an assessment for 1969.Clearly, this document is irrelevant, not only because it in no way reflects the knowledge of the part of respondent's organization handling petitioner's returns for the years 1969 and 1970, but also because it is dated eight months after the notice of deficiency was issued. See Goldstein v. Commissioner, 22 T.C. 1233, 1235↩ (1954).
12. See also Kuebler v. Commissioner, T.C. Memo. 1979-95; Seppe v. Commissioner, T.C. Memo. 1975-89↩.