## Appeal of M. T. K. PRODUCTS CO.        Docket No. 1099.

A paper addressed to the Commissioner of Internal Revenue which requested his consideration of certain facts and which contained no expression of an intention to appeal from the Commissioner's action until after his consideration thereof, can not, when filed with the Board, be considered an appeal and can not be made the basis of an amended petition.

Submitted March 12, 1925; decided March 30, 1925.

J. A. Menard, president of the corporation. for the taxpayer.
A. Calder Mackay, Esq., for the Commissioner.

Before STERNHAGEN, TRAMMELL, and TRUSSELL.

TRAMMELL: The Commissioner moved to dismiss this appeal upon the ground that the petition was not filed within 60 days, as prescribed in section 274 (a) of the Revenue Act of 1924. The taxpayer, after the receipt of the registered letter from the Commissioner dated September 29, 1924, which was mailed on the same date, filed a paper with the Commissioner on November 28, 1924, the pertinent portion of which is as follows:

SEATTLE, WASH.<br>Nov. 23, 1924.

*Commissioner of Internal Revenue,*
*Washington, D. C.*

Ref. IT: CA-2552-9.

Sir: Reference is made to your registered letter of Sept. 29th, 1924, bearing the above symbols.

We note that in the statement attached to your letter our income and invested capital are both computed exactly as set out in your former letter of May 21st, 1924, which was based on a revenue agent's report as amended in your office.

*    *    *    *    *    *    *

It has appeared to us all along that if and when the actual facts were known to the Income Tax Department, justice would be done us without the necessity of having our appeal sent to a higher tribunal and with that idea still in mind, we are summarizing our facts and contentions below in the hope that the matter may be settled without formal appeal.

*    *    *    *    *    *    *

In the event that the Income Tax Department can not see its way clear to adjust our liability on the above basis, we respectfully request that our original appeal together with this letter be transmitted to the person or board designated by the Commission [*sic*] for the hearing of such appeal.

This letter clearly indicates that it was intended for the consideration of the Commissioner and not for this Board. It was addressed to the Commissioner and contained the statement that it was written with the idea of summarizing the facts and contentions " in the hope that the matter may be settled without formal appeal," and contained the request that if the tax liability was not adjusted its letter be transmitted to the person or board designated by the Commissioner for the hearing of the appeal.

This paper was held in the Commissioner's office until December 16, 1924, when it was filed by him with the Board. The rules of the Board were not complied with as to the number of copies to be filed and in certain other particulars. The taxpayer was advised of the rules of the Board in that respect. Instead, however, of filing the additional copies required and complying with the rules with reference to form, the taxpayer prepared and filed an entirely new petition different in form and substance from the original, if the first paper might be called a petition. The new petition was filed on January 19, 1925. The petition filed on that date was the only paper filed with the Board up to that time which even purported to be an appeal to this Board. The former paper, which was transmitted by the Commissioner to the Board on December 16, 1924, was addressed to the Commissioner of Internal Revenue, and not to the Board of Tax Appeals. It appears on its face that it was not in fact, and was not intended to be, an appeal to this Board.

Leaving out of consideration all questions of form, and considering only the substance, the paper referred to was in no sense an appeal to this Board. It asked that the Commissioner consider certain facts therein set out and expressed an intention to appeal later if the Commissioner did not act favorably on the case. It did not indicate a desire that any other agency consider the matter until after the Commissioner had considered the allegations contained in that paper. Not being an appeal at all, it is not necessary to discuss the effect of the filing of that paper with the Board by the Commissioner on December 16, 1924, approximately 28 days after the receipt thereof in the Commissioner's office. There is nothing to indicate that the taxpayer intended that the paper should be sent by the Commissioner to this Board until after the action of the Commissioner thereon.

The petition filed with the Board on January 19, 1925, as a result of the request of the Board for the correct number of copies of the paper theretofore filed with the Commissioner, must be considered as the taxpayer's appeal to the Board. This petition constituted the only evidence of an intention to appeal to this Board from the action of the Commissioner. January 19, 1925, was 84 days after the mailing of the deficiency letter. The Board has no authority to extend the period provided by the statute for filing appeals and is therefore without jurisdiction to hear and determine this appeal. The petition is accordingly dismissed.