Iberville Wholesale Grocery Co., Ltd., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 14080.   Promulgated September 13, 1929.

*G. A. Ruhl, C. P. A.,* for the petitioner.
*F. R. Shearer, Esq.,* for the respondent.

OPINION.

TRAMMELL: This proceeding was duly consolidated for hearing and decision with that of the Consolidated Companies, Inc. (Docket No. 14079), and a hearing had on September 19, 1928. On February 28, 1929, the Board's decision was promulgated, and pursuant thereto the appeal of the petitioner herein was dismissed for lack of jurisdiction for the reason that the facts necessary to show the jurisdiction of the Board to redetermine the deficiency were neither pleaded nor proved. The record as presented at said original hearing disclosed that the petitioner corporation had theretofore been dissolved, and it was not shown that any liquidator or liquidators had been appointed in accordance with the statutes of .the State of Louisiana, empowered to institute actions in the name of the corporation, nor was it shown that there was any person lawfully authorized to bring this proceeding in the name or in behalf of said corporation.

On May 18, 1929, the respondent filed a motion herein to modify said order of dismissal, which motion was denied, and on the same date respondent filed an alternative motion to vacate the order of dismissal entered on February 28, 1929, grant a rehearing with respect to the question of jurisdiction, and again take the proceeding under submission for decision on the merits. The motion for rehearing was duly granted and a rehearing had on June 24, 1929, at which time evidence was adduced to establish the necessary jurisdictional facts, as set out in our findings of fact hereinabove. Accordingly, an order will be entered vacating and setting aside the order of dismissal above referred to, and the case considered and decided upon the issues raised in the pleadings.

The petitioner alleges that in computing the deficiency here involved the respondent erred (1) by including in income the amount of $8,161.26 collected in the taxable year from debtors whose accounts

were charged off as worthless in 1916, and (2) in refusing to compute the petitioner's profits tax under the provisions of sections 327 and 328 of the Revenue Act of 1918.

The evidence offered by the petitioner in support of issue (1) is vague and wholly unsatisfactory. Apparently, certain accounts receivable in the approximate amount of $11,000, were charged off as worthless by the petitioner in 1916 prior to or about the time its charter was amended and the so-called reorganization effected. The petitioner contends that these accounts originally were assets of the so-called " Old Iberville Wholesale Grocery Company," and that $8,161.29 thereof was collected by Kurzweg in 1918, as " liquidator " of the old company, which amount he distributed among the 15 stockholders of the old company. Hence, the petitioner argues, the amount in question does not constitute income to the petitioner corporation, the so-called " New Iberville Wholesale Grocery Company." We are unable to concur in this contention. In our opinion, the evidence clearly establishes that the so-called old and new companies were one and the same corporation.

This corporation was organized in 1906, and in 1916 its charter was amended to increase its authorized capital stock and to enlarge the scope of its corporate powers. Prior to that time, its stock was held by 15 stockholders and subsequently the increased stock was distributed among additional stockholders, making a total of 55.

It is well settled that a corporation is a separate entity from its stockholders, and that a change of stock ownership, either complete or partial, does not create a new corporation. Accordingly, if the debts in question were ascertained to be worthless and were properly charged off in 1916, the amount collected in 1918 would constitute income to the petitioner for the latter year. *Excelsior Printing Co.*, 16 B. T. A. 886. On the other hand, if the accounts were not in fact worthless and were not ascertained to be worthless in 1916, they were improperly charged off in that year and the petitioner would not be required to include the amount collected in 1918 as income. *Liberty Insurance Bank*, 14 B. T. A. 1428.

Counsel for the petitioner asserts in his brief that the fact that the debts were not worthless in 1916 and were improperly charged off, is indicated by the recovery of nearly 80 per cent of the total amount in 1918. However, no evidence was offered with respect to whether the facts as they existed in 1916 justified the action of the petitioner in charging off said debts as worthless; and the mere fact, standing alone, that a debt was charged off in one year and later collected, does not constitute proof that it was improperly charged off in the prior year.

From the record before us, we can not say that the respondent erred in including said amount of $8,161.26 in the petitioner's income

for 1918, and the respondent's action on this point, therefore, is approved.

In respect of the second issue, the petitioner alleges that it is entitled to special assessment of its profits tax under the provisions of sections 327 and 328 of the Revenue Act of 1918, because of abnormal conditions affecting both its income and capital, arising from (1) low salaries paid to its officers, and (2) the use of borrowed money in its business.

No evidence was adduced by the petitioner to show what would have constituted reasonable compensation for the services rendered by its officers, or to what extent, if any, the compensation paid was inadequate. The return filed by the petitioner for the taxable period shows that its gross sales amounted to $749,655.87; that its net income was $28,219.66; and that it paid salaries to its employees in the aggregate amount of $8,136.97, and compensation to its officers in the amount of $3,000. These meager facts, in our opinion, are insufficient to establish the existence of an abnormality, within the meaning of section 327, *supra*.

The other abnormal condition complained of by the petitioner concerns the use of borrowed money, yet no proof was offered as to the amount of borrowed capital used by the petitioner, or whether it was used in its business to produce any part of the taxable income. We know only that the petitioner had an invested capital of $176,007.13, and paid interest in the amount of $7,761.33.

On the evidence before us, the action of the respondent in denying special assessment is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*