HALLIE D. ELKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39255.   Promulgated November 3, 1931.

*J. B. Grice, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

TRUSSELL:[1] This proceeding presents for our determination two questions of law. The first issue is whether petitioner may elect to treat the loss of $127,259.41 sustained in 1924 as an ordinary loss deduction from gross income instead of having the normal and surtax on her " ordinary net income " reduced by only 12½ per cent of such loss, which is admitted to be a capital net loss.

The law applicable to this issue is found in section 208 of the Revenue Act of 1924, as follows:

SEC. 208. (a) For the purposes of this title—

(1) The term " capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

(2) The term " capital loss " means deductible loss resulting from the sale or exchange of capital assets;

(3) The term " capital deductions " means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against capital assets sold or exchanged during the taxable year;

(4) The term " ordinary deductions " means the deductions allowed by section 214 other than capital losses and capital deductions;

(5) The term " capital net gain " means the excess of the total amount of capital gain over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gain;

(6) The term " capital net loss " means the excess of the sum of the capital losses plus the capital deductions over the total amount of capital gain;

(7) The term " ordinary net income " means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions; and

(8) The term " capital assets " means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind

---

[1] This decision was prepared during Mr. Trussell's term of office.

which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.

(b) In the case of any taxpayer (other than a corporation) who for any taxable year derives a capital net gain, there shall (at the election of the taxpayer) be levied, collected and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows:

A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount plus 12½ per centum of the capital net gain.

(c) In the case of any taxpayer (other than a corporation) who for any taxable year sustains a capital net loss, there shall be levied, collected, and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows:

A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount minus 12½ per centum of the capital net loss; but in no case shall the tax under this subdivision be less than the taxes imposed by sections 210 and 211 computed without regard to the provisions of this section.

The petitioner contends that inasmuch as the statute (section 208(b)) provides for an election by the taxpayer as to the treatment of capital net gains in computing tax liability, there is also an election as to the treatment of capital net losses. However, it will be noted that section 208 (b), *supra*, specifically states that where capital net gains have been derived the tax may be computed at the rates and in the manner therein provided in lieu of the tax imposed by sections 210 and 211 of the same act, *at the election of the taxpayer*. Section 208 (c), *supra*, makes no specific provision for an election as to the treatment of capital net losses, and we are of the opinion that had Congress intended to grant such an election it would have so provided in language as clear as that incorporated in section 208 (b). We are of the opinion that section 208 (c) provides for a limitation upon deductions which may be allowed on account of capital net losses and that the taxes must be computed at the rates and in the manner provided therein, with one exception, namely, "but in no case shall the tax under this subdivision be less than the taxes imposed by sections 210 and 211 computed without regard to the provisions of this section." In the instant case, if the taxes were computed at the rates and in the manner provided in sections 210 and 211, upon the net income of this taxpayer determined pursuant to sections 213 and 214, with the allowance of a deduction of $127,259.41 as an ordinary loss deduction under section 214 (a) (5), there would be no tax liability, for such computation would produce a loss for 1924, as shown on petitioner's tax return. Therefore, this petitioner's taxes must be computed at the rates and in the manner provided by section 208 (c), *supra*, and the respondent's determination as to this first issue must be approved.

After excluding the said capital net loss, the respondent determined that petitioner's "ordinary net income" for 1924 amounted to $113,151.98, upon which he has computed normal and surtaxes amounting to $23,766.77, which latter amount he reduced by 12½ per cent of the capital net loss and certain credits. There is no controversy over the correctness of the amount of $113,151.98 as petitioner's "ordinary net income," except as to the amount of $8,632.65 charitable contributions for which the respondent has made no allowance. The second issue is whether petitioner may deduct such contributions in determining her "ordinary net income," as contended by her, or whether the respondent is correct in determining that the capital net loss may not be excluded in computing net income for the purpose of determining the amount deductible as contributions under section 214 (a) (10). The respondent's contention is that the petitioner has a net income for 1924 upon which she must pay a tax computed under section 208 (c), *supra*, and that at the same time she has no net income to be used as the basis for determining the amount of the contribution deduction allowed by section 214 (a) (10) and limited to 15 per cent of her net income computed without such deduction. The respondent relies upon his own office decision, I. T. 2104, Cumulative Bulletin III–2, p. 152, as authority for disallowing the deduction of $8,632.65 in determining petitioner's "ordinary net income" subject to normal and surtax. That ruling is as follows:

ARTICLE 251: Charitable contributions.                                   III–45–1863
                                                                          I. T. 2104
                       REVENUE ACTS OF 1918, 1921, AND 1924

> Capital losses can not be excluded in computing net income for the purpose of determining the amount of charitable contribution deductions.

Advice is requested as to whether capital losses may be excluded in determining net income for the purpose of computing the amount of charitable contributions allowable as deductions under the Revenue Acts of 1918, 1921, and 1924.

Under the provisions of section 214 (a) 11 of the Revenue Acts of 1918 and 1921 and section 214 (a) 10 of the Revenue Act of 1924, contributions or gifts made by an individual to organizations organized and operated exclusively for charitable or other specified purposes are deductible to an amount not in excess of 15 per cent of the taxpayer's net income, including such payments.

Sections 212 of the Revenue Acts of 1918 and 1921 define the term "net income" as follows:

> (a) That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

Net income is defined by section 212 of the Revenue Act of 1924 as follows:

> (a) In the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by sections 214 and 206.

Section 206 of the Revenue Act of 1921 and section 208 of the Revenue Act of 1924, pertaining to capital gains and losses, do not allow as a deduction any loss resulting from the sale or exchange of capital assets that is not deductible under section 214 or that does not enter into the computation of a net loss deductible under section 206 of the Revenue Act of 1924. Such sections merely give the taxpayer the option of being taxed at the rate and in the manner therein provided instead of at the rates and in the manner provided by sections 210 and 211.

Inasmuch as losses resulting from the sale or exchange of capital assets are deductible under section 214 of the Revenue Acts of 1918, 1921, and 1924, and enter into the computation of the net loss that is deductible under section 206 of the Revenue Act of 1924, it follows that such losses can not be excluded in computing the net income for the purpose of determining the amount of charitable contributions that are deductible under section 214 (a) 11 of the Revenue Acts of 1918 and 1921 and section 214 (a) 10 of the Revenue Act of 1924.

The Revenue Acts of 1918 and 1921 contain no provision similar to section 208 (c) of the 1924 Act, and capital losses, if deductible, are deductible under section 214 of those two prior acts, and we may say, without deciding, that the ruling seems to be a correct interpretation of the 1918 and 1921 Acts. However, we are of the opinion that said ruling is not sound with respect to its attempted interpretation of the 1924 Act. In the instant case the capital net loss is not allowed as a deduction under section 214 of the 1924 Act, and such loss does not enter into the computation of a net loss under section 206 of that act because of section 208 (c) of the same act, which is an entirely new provision and effects a limitation upon a deduction attributable to the capital net loss. The reasonable and, in our opinion, the proper interpretation of the applicable sections of the 1924 Act is that when section 208 (c) is applied, as it must be in this case, the " ordinary net income " is the basis for determining the amount deductible on account of charitable contributions. We can not see how any other conclusion may be properly reached, for the " ordinary net income " is determined pursuant to sections 213 and 214 (after excluding all items of capital gain, capital loss and capital deductions) and becomes the taxpayer's net income for the specific purpose of computing the tax liability at the rates and in the manner provided in sections 210 and 211, and the total tax is the amount so computed minus 12½ per cent of the capital net loss. That 12½ per cent is in the nature of a credit against the normal and surtaxes computed under 210 and 211. It is untenable to say that for the purpose of computing a tax liability this petitioner has a net income of $113,151.98 and that at the same time she has no net income for the purpose of computing the amount allowable as a deduction for contributions.

During 1924 the petitioner made deductible contributions totaling $8,632.65, which is less than 15 per cent of her ordinary net income

computed without the benefit of section 214 (a) (10), and in accordance with our foregoing opinion she is entitled to a deduction of that amount from her ordinary net income as determined by respondent.

The petitioner did not sustain a statutory net loss in 1924 which could be deducted from income for 1925, and, inasmuch as no other error has been assigned with respect to the year 1925, the respondent's determination as to that year is sustained.

Reviewed by the Board.

*Judgment will be entered pursuant to Rule 50.*