CHARLES J. LIVINGOOD, EXECUTOR OF THE WILL OF MARY M. EMERY, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40899.   Promulgated February 23, 1932.

*John H. More, Esq.,* for the petitioner.
*Arthur H. Fast, Esq.,* for the respondent.

**OPINION.**

VAN FOSSAN: The first issue for consideration is whether or not the respondent erred in disallowing for each of the taxable years any deduction on account of contributions which, as stipulated, were of the character specified in section 214 (a) (10) of the Revenue Act of 1924.

It appears from the stipulated facts that the decedent's contributions amounted to $140,000 in 1924 and for the year 1925 were $90,-433.34. In each of those years the amount of decedent's capital net losses exceeded the amount of her ordinary net income. The respondent computed the deficiency in each year by a calculation based on an amount of net income which did not reflect any deduction on account of decedent's contributions in the respective years. The facts disclose that while the respondent held in effect that the decedent had no net income in either of the taxable years in question from which any amount on account of contributions was deductible, nevertheless, he computed a large net taxable income for each of the said years. The contributions on account of which no deduction was allowed were of the character specified in section 214 (a) (10) of the Revenue Act of 1924.

It was conceded by counsel for the Government that this issue had been decided adversely to his contention by the Board in *Hallie D. Elkins*, 24 B. T. A. 572, and that if that decision be adhered to it was controlling. In that case we said:

It is untenable to say that for the purpose of computing a tax liability this petitioner has a net income of $113,151.98 and that at the same time she has no net income for the purpose of computing the amount allowable as a deduction for contributions.

The *Elkins* decision represents the deliberate judgment of the Board and is controlling on the issue under discussion. The petitioner is entitled to a deduction on account of the decedent's contributions not exceeding 15 per cent of $769,143.38 for the year 1924, and 15 per cent of $482,509.11 for the year 1925.

The remaining issue relates to the respondent's disallowance of certain attorneys' fees paid by the decedent in the year 1925. The question is whether or not these fees were usual and necessary expenses incurred by the decedent during the year 1925 in carrying on any trade or business as provided by section 214 (a) (1) of the Revenue Act of 1924. That the decedent had been engaged in carrying on business, at least constructively, previous to the completion of the transaction hereinafter referred to is clearly disclosed by the evidence. She owned an undivided one-half interest in a business concern known as Thomas M. Emery Sons. The other undivided one-half interest was owned by the Girard Trust Company as trustee. Thomas M. Emery Sons was engaged in real estate operations as well as in other business. However, it does not necessarily follow that the attorneys' fees in question were a usual and necessary expense of carrying on any trade or business engaged in by the decedent. It appears that in 1924 and 1925 she was about 81 years of age and was devoting her activities to philanthropies, while her

interest in Thomas M. Emery Sons was managed on her behalf by a representative. She wished to consolidate her interests and to secure sole title to properties in which she then owned an undivided one-half interest in order that she might more easily and certainly manage them and dispose of them by will for the benefit of the philanthropies in which she was interested. At the same time the coowner of Thomas M. Emery Sons, namely, the Girard Trust Company, as trustee, desired to consolidate the management of its interest in that concern. To accomplish the desired end the agreement described in the facts was entered into by the decedent and the Girard Trust Company, as trustee, and pursuant to the agreement proceedings were initiated in the proper courts which secured approval by those courts of the conveyance by the Girard Trust Company as trustee of the properties in which it held an undivided one-half interest. The Girard Trust Company was the petitioner in the proceedings in court and the decedent was a party defendant. In the petition in one of these proceedings it was stated in substance, among other things, that the proceeding was brought to give " perfect title " to the realty to be conveyed. As a result of the agreement and court proceedings the decedent became the owner of 12 parcels of real estate of which previously she had owned only an undivided one-half interest. The attorneys' fees in question were paid by the decedent for services related to the agreement and the court proceedings. Upon the completion of this transaction the decedent caused an Ohio corporation, without profit, known as Thomas J. Emery Memorial, to be organized for the purpose of continuing the philanthropies in which she had been interested and by her will this corporation was named as a residuary legatee for charitable purposes.

In our opinion it is clear that the attorneys' fees were not paid as an expense of the conduct of any trade or business which the decedent was carrying on. The transaction in connection with which the attorneys were employed was entered into by the decedent to further her own personal purposes. It does not appear that the completion of this transaction added anything to the decedent's income or was intended to add anything thereto. It is inferable from the evidence that as a consideration for the conveyance to her which resulted in the acquisition by her of the sole title to 12 parcels of realty she, on her part, conveyed assets of like monetary value, and there is no evidence that this transaction increased the total value of her assets in any degree. She was made a party defendant to the court proceedings of her own volition and the court proceedings were brought to perfect title to the property to be conveyed, a part of which was the undivided one-half interest in the parcels of realty conveyed to the decedent. The fees in question

were paid for services which related to what was, in effect, an exchange of some of the decedent's capital assets for other capital assets of like value. Therefore, the expenditure for attorneys' fees was not an expense of a going business, but additional cost of property. We have consistently held to the effect that fees paid for legal services, where the acquisition of capital assets or the litigation of matters pertaining to assets of a purely capital nature were involved, were capital expenditures and therefore not deductible as ordinary and necessary expenses. *First National Bank of St. Louis*, 3 B. T. A. 807; *Stephens Fuel Co.*, 13 B. T. A. 666; *Chestnut Farms Dairy, Inc.*, 19 B. T. A. 192.

For the foregoing reasons the respondent's disallowance of a deduction of the amount of attorneys' fees is approved.

*Decision will be entered under Rule 50.*