JAMES H. LOCKHART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69039. Promulgated June 10, 1935.

*J. Merrill Wright, Esq.*, for the petitioner.
*Ralph E. Smith, Esq.*, for the respondent.

OPINION.

BLACK: In this proceeding the Commissioner has determined a deficiency of $101,255.16 against petitioner for the year 1929.

The petition assigns numerous errors, all of which have been settled by stipulation except that which relates to the deduction which petitioner is entitled to have allowed to him under the provisions of section 23 (n), Revenue Act of 1928.

The parties have submitted a stipulation of facts which reads as follows:

1. Petitioner's taxable net income for the year 1929 (before the allowance of any deduction for contributions pursuant to Section 23 (n) of the Revenue Act of 1928) is $911,599.10.

2. Said amount of $911,599.10 consists of ordinary income in the amount of $966,467.20 and capital net loss in the amount of $54,868.10.

3. During the year 1929 petitioner made contributions or gifts to the persons and organizations specified and described in Section 23 (n) of the Revenue Act of 1928 in the total amount of at least $144,970.08.

4. Petitioner concedes that he is not within the exceptions to the 15% limitations set forth in Section 120 of the Revenue Act of 1928.

5. The deduction for contributions claimed in petitioner's income tax return for the year 1929 was $131,200.84. The deduction for contributions allowed by the Commissioner in determining the deficiency was $202,162.06. The Commissioner contends that the amount of petitioner's allowable deduction for contributions is $136,739.87, viz., 15% of $911,599.10. Petitioner contends that the entire amount of $144,970.08, viz, 15% of $966,467.20, is allowable as a deduction in computing his ordinary net income subject to normal and surtaxes.

6. The parties agree that the proceeding may be taken under submission upon the promulgation by the Supreme Court of the United States of a decision in the case of *William Albert Harbison* v. *Commissioner*, B. T. A. Docket No. 54347; and that upon the Board's determination of the issue above set forth its decision as to the amount of deficiency or overpayment may be entered pursuant to Rule 50 of the Board's Rules of Practice.

From the foregoing stipulation it will be seen that petitioner is contending that the limitation on the deductions allowed by section 23 (n), Revenue Act of 1928, should be applied by taking 15 percent of the net income unreduced by capital net losses, whereas the Commissioner contends that the limitation should be applied by taking 15 percent of the net income after it has been reduced by capital net losses.

Petitioner's contention finds support in *Hallie D. Elkins*, 24 B. T. A. 572, and *Charles J. Livingood, Executor*, 25 B. T. A. 585. However, both of these cases were decided prior to the decision of the Supreme Court in *Helvering* v. *Bliss* and *Helvering* v. *Harbison*, 293 U. S. 144. In these latter cases the Supreme Court decided that if a taxpayer elects to be taxed at the 12½ percent capital net gain rate under section 101 (a) of the 1928 Act, capital net gain may be included in the net income in computing the 15 percent deduction allowable for charitable contributions under section 23 (n) of the same act. The Supreme Court in the above cited cases, among other things, said:

For "net income", the base specified in section 23 (n) upon which the 15 percent deduction of charitable contributions is to be calculated, the petitioner would substitute "ordinary net income" as defined in section 101. So to read the Act would violate its plain terms and run counter to the history of the legislation.

* * * The Acts provide that the taxpayer shall first deduct from gross income the total of all permissible deductions save that for contributions

thus arriving at a provisional net income, and then deduct therefrom his contributions, but in no event to an amount greater than 15 percent of the provisional net income. By the last mentioned operation the final net income—the base for calculation of the tax—is ascertained. * * *

* * * * * * *

* * * In the Act of 1928, as will be seen by reference to sections 21, 22, and 23 * * * the statutory concept of net income is preserved. * * *

* * * * * * *

By the express words of section 23 (n) charitable contributions are to be deducted from net inome as defined in section 21; and nothing in section 101, which prescribes merely a method for segregating a portion of that net income for taxation at a special rate, in any wise alters the right of the taxpayer to take the deduction in accordance with section 23 (n).

* * * Moreover, from 1923 to 1932 the Commissioner uniformly ruled that the deduction for charitable contributions was to be taken from net income before computation of the tax and hence in whole from ordinary net income. * * *

Although the *Bliss* and *Harbison* cases involved the question of including capital net gain in applying the statutory limitation on the deduction, the Supreme Court indicated that " net income as computed without the benefit of this subsection " under section 23 (n), 1928 Act, and similar provisions of other revenue acts, regardless of whether the tax is computed under the capital net gain provision or the capital net loss provision, means gross income less all permissible deductions except the one for contributions.

It seems clear that, under this opinion of the Supreme Court, capital net losses should not be excluded in computing such net income any more than should capital net gains. Furthermore, the Supreme Court stated in effect (see footnote 2 of the Supreme Court's opinion) that the decisions of the Board in *Hallie D. Elkins, supra,* and *Charles J. Livingood, Executor, supra,* which hold that capital net losses must be excluded in computing the " net income " for the purpose of the 15 percent limitation on the deduction for contributions where the tax is computed under the capital net loss provision, are in accordance with the contention made by the Government in the *Bliss* and *Harbison* cases.

In said footnote the Supreme Court, in discussing the *Elkins* and *Livingood* decisions, calls attention to the fact that " subsequently the full Board reached an opposite result in *Aaron Straus,* 27 B. T. A. 1116. See also *Robinette* v. *Commissioner,* 27 B. T. A. 1426." While in the *Straus* case we did not overrule the *Elkins* and *Livingood* cases, contenting ourselves with calling attention to the fact that they dealt with capital net losses, whereas in the *Straus* case we were considering capital net gains, nevertheless the Supreme Court appears to have considered that in the *Straus* case we in effect overruled the *Elkins* and *Livingood* cases.

In *Bliss* v. *Commissioner*, 68 Fed. (2d) 890; affirmed by the Supreme Court in *Helvering* v. *Bliss, supra*, the Commissioner was contending that the principle of strict construction should be applied on the theory that the taxpayer was claiming the benefit of something in the nature of an exemption. The court (Second Circuit) in answering that contention pointed out that, in applying the statute as contended for by the taxpayer, taxpayers in general would gain by the construction contended for where there were capital gains and would lose where there were capital losses, thus indicating that in applying the statutory limitation capital gains and capital losses must be treated in the same manner. The court, in discussing this point and commenting upon section 101, Act 1928, said:

It is to be noted that the phrase "ordinary net income" occurs in both paragraph (a), which deals with the case of capital net gain, and paragraph (b), which deals with the case of capital net loss. It must have the same meaning in each. A construction favorable to the taxpayer in the former will operate to his detriment in the latter, and vice versa. Hence the canon of strict construction invoked by the commissioner on the theory that the taxpayer is claiming the benefit of an exemption seems inapplicable. We can hardly say that there is any plain advantage to be gained by taxpayers from one construction rather than the other; it depends on whether in the long run cases of capital net gain involve larger sums than cases of capital net loss. Canons of interpretation aside, it seems to us that merely as a matter of verbal construction the meaning contended for by the petitioner is the more reasonable and the more compatible with the purpose of the statute. * * *

Since the decision of the Supreme Court in the *Bliss* and *Harbison* cases, G. C. M. 14030 has been issued. See C. B. XIII, 2, p. 135, December 24, 1934. In this G. C. M. it is recommended that the Commissioner withdraw his acquiescence in *Hallie D. Elkins, supra*, and *Charles J. Livingood, supra*, and that nonacquiescences be announced and that it be held that the basis for the computation of the 15 percent limitation on the deduction for charitable and other contributions is gross income less all permissible deductions except contributions, regardless of whether the tax is computed under the capital net gain or capital net loss provisions of the Revenue Act of 1932 and prior revenue acts.

In view of the Supreme Court's decision in the *Bliss* and *Harbison* cases, we think the foregoing G. C. M. correctly states the law. It now seems settled that, in computing the deductions for contributions, capital net gains and losses are not to be excluded from net income. Accordingly, we hold that the contentions of the Commissioner on this point, as set out in the stipulation, should be sustained.

Reviewed by the Board.

*Decision will be entered under Rule 50.*